IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-250-BO

| | | |
|---|---|---|
| AVUTOX, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CIGNA HEALTH AND LIFE | ) | |
| INSURANCE COMPANY, CIGNA | ) | |
| HEALTHCARE OF NORTH CAROLINA | ) | |
| INC., CONNECTICUT GENERAL LIFE | ) | |
| INSURANCE COMPANY, and | ) | |
| NON-NORTH CAROLINA CIGNA | ) | |
| PLANS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants have replied, and a hearing on the matter was held before the undersigned on November 9, 2017, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling. For the reasons that follow, defendants' motion to dismiss is granted.

## BACKGROUND

Plaintiff filed this action under the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1001, *et seq.* (ERISA) and the state law of North Carolina. Plaintiff is a specialized toxicology laboratory that offers urine drug testing and monitoring services; patients who have been prescribed pain medication are referred by their physicians to plaintiff for testing and monitoring services. Plaintiff provides drug testing and monitoring services to many patients who are Cigna insureds, but plaintiff is not an in-network provider with Cigna. Plaintiff thus

requires each Cigna insured patient to sign a form which provides the following in a consent/insurance release provision:

> I understand my signature requests that payment of authorized insurance or Medicare benefits be made on my behalf to AvuTox for the urine drug testing services furnished to me by the physician. I acknowledge that AvuTox may be an out of network facility with my insurance provider. I authorize any holder of medical information about me to release to the insurance company or to CMS (Centers for Medicare and Medicaid Services), and its agents any information needed to determine these benefits or the benefits payable to related services. This assignment will remain in effect until revoked by me in writing.

Cmp. Ex. B.

Plaintiff alleges that on or about August 31, 2015, it received a letter from Cigna questioning plaintiff's billings practices and the medical necessity of the services rendered by plaintiff to Cigna insureds. Cigna stated that it had made erroneous benefit payments to plaintiff on the claims of various Cigna insureds in the amount of $2,727,118.08 and demanded repayment. Plaintiff further alleges that Cigna falsely accused it of engaging in fee-forgiveness programs and otherwise waiving the copayments, deductibles, or coinsurance obligations of Cigna insureds. Cigna allegedly informed plaintiff that in order to receive payment for any future medical services rendered to a Cigna insured, the insured would have to pay his or her cost share obligation prior to Cigna processing or paying a claim submitted by plaintiff.

Plaintiff alleges that since the August 2015 letter, Cigna has repeatedly refused to provide to plaintiff requested documentation or to process valid claims for payment for plaintiff's services to Cigna insureds. Cigna informed plaintiff that, in order to have any claim processed, the Cigna insured would now be required to pay plaintiff up front for the entire cost of service prior to plaintiff submitting a claim; plaintiff further alleges that this representation was false as Cigna has failed to process a valid claim for services rendered to a Cigna insured after full-prepayment by the insured. Plaintiff alleges that, as of the date of the complaint, Cigna has improperly or

unlawfully withheld a total of at least $2,467,490.34 for services rendered by plaintiff to Cigna insureds. Plaintiff further alleges that Cigna has failed to provide plaintiff with a full and fair review of adverse benefit determinations.

Plaintiff filed this action to address defendants' repeated and deliberate failure to process and make payments to plaintiff on claims for services rendered to Cigna insureds. Plaintiff brings the following claims under ERISA: a claim under § 502(a)(1)(B) for benefits due, a claim for failure to comply with federal claims regulations under 29 U.S.C. § 1132, a claim for failure to provide plan and claims documentation under 29 U.S.C. § 1132(c)(1), a claim for declaratory and injunctive relief, and a claim for attorneys' fees. Plaintiff has further alleged state law claims under North Carolina law for breach of contract, unjust enrichment, unfair and deceptive trade practices.

## DISCUSSION

Defendants have moved to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that plaintiff lacks standing to bring its ERISA claims; has failed to state a plausible claim for relief under ERISA because it has not identified any services rendered to Cigna members, not linked any members to any specific employee benefit plan, nor alleged any facts which support that any of the plans covered any of the services at issue; and that plaintiff has failed to exhaust its administrative remedies. Defendants further contend that plaintiff has failed to state a claim under North Carolina law.

Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations, alterations, and citations omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting

3

on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

"ERISA comprehensively regulates, among other things, employee welfare benefit plans that, 'through the purchase of insurance or otherwise,' provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987) (quoting 29 U.S.C. § 1002(1)). The policy behind ERISA's enactment was to "induc[e] employers to offer benefits by assuring a predictable set of liabilities, under uniform standards of primary conduct and a uniform regime of ultimate remedial orders and awards when a violation has occurred." *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 379 (2002). To this end, only plan participants, beneficiaries, and fiduciaries are granted a private cause of action under ERISA. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27 (1983); *see also Rojas v. Cigna Health & Life Ins. Co.*, 793 F.3d 253, 256 (2d Cir. 2015).

A beneficiary is defined by ERISA as a person designated by a participant or the terms of the employee benefit plan who is or may become entitled to a benefit under the plan. 29 U.S.C. § 1002(8). "'Beneficiary,' as it is used in ERISA, does not without more encompass healthcare

providers." *Rojas*, 793 F.3d at 257; *see also Hobbs v. Blue Cross Blue Shield of Alabama*, 276 F.3d 1236, 1241 (11th Cir. 2001) (healthcare providers generally not considered beneficiaries or participants for purposes of ERISA). Accordingly, plaintiff, a healthcare provider, may not directly file suit against defendants under ERISA as a beneficiary. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1289 (9th Cir. 2014) ("a non-participant health care provider, [] cannot bring claims for benefits on its own behalf.").

In light of this, plaintiff contends that it may bring suit under ERISA as an assignee of benefits by Cigna insureds who are plan participants. Cmp. ¶ 43. Indeed, courts in this circuit and others have recognized that where a valid assignment of benefits has occurred, the assignee may bring suit under ERISA. *See, e.g., Yarde v. Pan Am. Life Ins.*, 67 F.3d 298 (4th Cir. 1995) ("In limited circumstances, . . . the doctrine of derivative standing [has been applied] in order to give a person otherwise unable to file a claim under ERISA an opportunity to receive benefits that properly belong to a plan participant or beneficiary."); *Brown v. Sikora & Assocs., Inc.*, 311 F. App'x 568, 571 (4th Cir. 2008) (noting that the Fourth Circuit has never addressed whether a healthcare provider may bring suit under ERISA as an assignee of benefits, and citing with approval other circuits that have recognized derivative standing in such circumstances); *Feldman's Med. Ctr. Pharmacy, Inc. v. CareFirst, Inc.*, 723 F. Supp. 2d 814, 819 (D. Md. 2010). A challenge to a plaintiff's derivative standing to sue under ERISA is considered under Rule 12(b)(6). *David v. Alphin*, 704 F.3d 327, 333 (4th Cir. 2013) (noting distinction between statutory standing and Article III standing to bring ERISA claims); *CGM, LLC v. BellSouth Telecommunications, Inc.*, 664 F.3d 46, 52 (4th Cir. 2011) (dismissal for lack of statutory standing falls under Rule 12(b)(6)); *see also DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 873 (9th Cir. 2017).

5

Plaintiff's theory of derivative standing to allow it to file claims under ERISA fails on two bases here. First, in order to have the capacity to bring claims under ERISA, plaintiff must have been assigned rights arising under ERISA; that is, plaintiff must have received an assignment of benefits provided by an ERISA-governed benefit plan. Although plaintiff alleges generally that, upon information and belief, many of the Cigna plans at issue in this case are governed by ERISA, plaintiff has failed to identify one plan which is, in fact, governed by ERISA. By failing to allege any facts which would support that even one identified plan is governed by ERISA, plaintiff has failed to nudge its ERISA claims across the line from conceivable to plausible, and has thus failed to state a claim.

Second, plaintiff's purported assignment is insufficient to allow plaintiff to have derivative standing to pursue its claims under ERISA. In order for an assignment under ERISA to be valid, it must be express. *See Peninsula Reg'l Med. Ctr. v. Mid Atl. Med. Servs., LLC.*, 327 F. Supp. 2d 572, 576 (D. Md. 2004). The language of the consent/insurance release relied on by plaintiff as the assignment of benefits is more properly construed as a payment authorization, and this Court agrees with those courts that have held that a payment authorization, without more, is not an assignment of benefits for purposes of ERISA.

> The alleged assignment of benefits is the right to receive direct payment for insurance benefits. The assignment does not confer any right beyond the right to receive direct payment, such as the right to seek remedial relief under ERISA §§ 502(a)(1)(B) and (a)(3). . . . [T]he rights to receive payment for medical service benefits "are not claims for benefits under the terms of ERISA plans."

*Advanced Women's Health Ctr., Inc. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 13-CV-01145, 2014 WL 3689284, at *4 (E.D. Cal. July 23, 2014) (quoting *Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1050 (9th Cir. 1999)). The specific language relied on by plaintiff *requests*, and does not assign any right to, "payment of authorized

insurance or Medicare benefits". Other courts in this circuit that have found there to be a valid assignment of ERISA benefits to a healthcare provider have done so when presented with an express assignment that goes well-beyond requesting payment. *See, e.g., Exact Scis. Corp. v. Blue Cross & Blue Shield of N. Carolina,* No. 1:16CV125, 2017 WL 1155807, at *6 (M.D.N.C. Mar. 27, 2017) (quoting the following from a valid assignment of benefits: "THIS IS A DIRECT ASSIGNMENT TO [healthcare provider] OF ANY AND ALL OF MY RIGHTS TO RECEIVE THE INSURANCE BENEFITS.... This assignment of benefits fully and completely encompasses any and all rights and legal claims I may have, under [ERISA], or otherwise, under any applicable plan or policy of insurance to receive the Insurance Benefits.") (emphasis and alteration in original).

Accordingly, plaintiff has failed to allege that it has received a valid assignment of benefits under ERISA, and plaintiff's ERISA claims are thus properly dismissed for lack of statutory standing. As plaintiff has failed to state a claim under ERISA, the Court declines to consider plaintiff's remaining state law claims and dismisses those claims without prejudice. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the motion to dismiss the complaint [DE 17] is GRANTED. The motion to seal protected health information [DE 3] is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this __ day of December, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE